

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

January 12, 2026

**BY ECF**
The Honorable Jennifer E. Willis
United States Magistrate Judge
500 Pearl Street
New York, NY 10007

> Re:   *Just Futures Law, et al., v. U.S. Immigration & Customs Enforcement, et al.,*
>       25 Civ. 8995 (JW)

Dear Judge Willis:

This Office represents the defendant agencies in this Freedom of Information Act case. We write to provide a brief status report; to respectfully request, with plaintiffs' consent, an adjournment of the government's time to answer or otherwise respond to the complaint, which otherwise runs through today; and to propose a further status report in one month.

**Status report.** Since we wrote to the Court in December, both defendant agencies—Immigration and Customs Enforcement (ICE) and Customs and Border Protection (CBP)—have located potentially responsive records.

ICE has located several hundred potentially responsive pages, and the parties are discussing a schedule for ICE to complete processing. ICE's processing timeline will incorporate the need for submitter review, because some of the records may contain confidential commercial information from private parties. ICE will submit applicable records per 6 CFR § 5.7(c) for submitter review of potential information, and plans to begin production in March 2026.

CBP is in the final stages of processing approximately 225 pages of records potentially responsive to item 4 of plaintiffs' request to CBP, *see* ECF No. 1-1 at 7-8, and expects to make a production later this week. CBP is still conducting a search for the other items in plaintiffs' request.

**Request to adjourn the answer.** The government, with plaintiffs' consent, respectfully requests an adjournment without date of the government's time to answer or otherwise respond to the complaint, which is currently today. Some of the same staff who would be involved with preparing a response to the complaint are working to process the FOIA requests, and it would be most efficient for those staff to continue those efforts. In addition, FOIA cases are generally resolved through cross-motions for summary judgment based on legal argument and factual matter provided by declarations, without discovery. *See, e.g., Wood v. Fed. Bureau of Investigation*, 432 F.3d 78, 85 (2d Cir. 2005); *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812-

Hon. Jennifer E. Willis                                                              Page 2
January 12, 2026

13 (2d Cir. 1994). Other than certain basic facts about the procedural history of the request and the litigation, the allegations of the complaint and the government's response to those allegations will not be relevant to any dispute actionable under FOIA. Therefore, we do not expect that the answer would serve a litigation purpose. For these reasons—and with plaintiffs' consent—we respectfully request that the government's time to answer or otherwise respond to the complaint be adjourned without date.

**Further status report.** We respectfully propose that the parties file a further status report in one month, or by February 12, 2026.

We thank the Court for its attention to this matter.

Respectfully submitted,

JAY CLAYTON
United States Attorney
Southern District of New York

By: */s/ Peter Aronoff*
PETER ARONOFF
Assistant United States Attorney
Telephone: (212) 637-2697
E-mail: peter.aronoff@usdoj.gov
*Counsel for defendants*

cc: Counsel for plaintiff (via ECF)